## Case No. 16,926.

### In re VETTERLEIN et al.

[5 Ben. 7;[1] 4 N. B. R. 599 (Quarto, 194).]

District Court, S. D. New York. Feb., 1871.

ORDER TO EXAMINE BANKRUPT.

An order was made by the register for the examination of one of the bankrupts. The order recited that it was made on the application of F. & Co., a party claiming to be interested in the estate, "and who have duly proved their debt herein." The bankrupt objected that the register had no power to make such an order, that the order should have been made only on a verified application in writing, and that the order did not purport to be "on the application of a creditor" who had proved his claim: *Held*, that the order was correct in form and was properly issued.

[Cited in Re Dole, Case No. 3,965.]

[In the matter of Theodore H. Vetterlein and Bernhard T. Vetterlein, bankrupts.] In this case, the register granted an order for the examination of one of the bankrupts. The order recited that it was made on the application of Fatman & Co., "a party claiming to be interested in the estate of the said bankrupts, and who have duly proved their debt herein."

[I, Henry Wilder Allen, one of the registers of said court in bankruptcy, do hereby certify, that in the course of the proceedings in said matter before me, the following questions arose pertinent to the said proceedings, and were stated and agreed to by the counsel for the opposing parties, to wit: Mr. Ward, who appeared for the bankrupts, and Mr. Hill, who appeared for Fatman & Co., creditors of the said bankrupts. The bankrupt, Bernhard T. Vetterlein, appeared, but through his counsel, Mr. Ward, objected to being examined under the accompanying order for the reasons following: First. That the register has no authority to grant an order for the examination of a bankrupt, either by statute or rule. Second. That the order, if granted, as it recites on application, should have been on a verified application in writing. Third. That the order is on its face defective, in that it does not purport to be "on the application of a creditor who has proved his claim." And the said parties requested that the same should be certified to the judge for his opinion thereon.

[The register is of opinion that the order for examination referred to is correct in form and properly issued. The second objection to the order is disposed of in the Case of Solis [Case No. 13,165]. The third objection has no force because the order recites that the parties upon whose application it was issued have duly proved their debt.] [2]

BLATCHFORD, District Judge. The register is correct in his views. As to the first objection, see In re Brandt [Cases Nos. 1,812 and 1,813]. As to the second objection, see In re Solis [Case No. 13,165]. The third objection is frivolous.

[See Cases Nos. 16,927–16,929.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [From 4 N. B. R. 599 (Quarto, 194).]

## Case No. 16,927.

### In re VETTERLEIN et al.

[5 Ben. 311.] [1]

District Court, S. D. New York. Sept., 1871.

DISTRIBUTION OF INDIVIDUAL ESTATE OF A PARTNER—DIFFERENT FIRMS.

Bankrupts had been doing business in two different places under different firm names, and one firm appeared to be largely indebted to the other. The assignee in bankruptcy realized funds out of the individual estate of one of the partners; more than enough to pay his individual debts: *Held*, that the two firms were to be treated as one; that the proceeds of the separate estate, over and above the individual debts, were to be added to the joint stock; and that no notice was to be taken of the indebtedness of one firm to the other.

[Cited in Re Williams, Case No. 17,707; U. S. v. Reid, 17 Fed. 498.]

Prior to May, 1865, the firm of Vetterlein & Co., in Philadelphia, was composed of Theodore H. Vetterlein and Charles A. Meurer. On May 1, 1865, Bernhard T. Vetterlein and Theodore J. Vetterlein were taken in as partners. In February, 1870, Meurer retired from the firm. Prior to May 1, 1865, the firm of Th. H. & B. Vetterlein & Co., in New York, had been composed of Theodore H. Vetterlein, Bernhard Vetterlein and Henry Thiermann. On May 1, 1865, Bernhard Vetterlein and Henry Thiermann retired, and Bernhard T. Vetterlein and Theodore J. Vetterlein were taken in, and the business was conducted under the name of Th. H. Vetterlein & Sons, its only capital being the interest of Theodore H. Vetterlein in the former firm. In 1867 Theodore J. Vetterlein retired from both firms. On February 7, 1871, Theodore H. Vetterlein and Bernhard T. Vetterlein were adjudged bankrupts. The assignee in bankruptcy realized funds from the separate estate of Theodore H. Vetterlein, against whom no individual debts were proved. He also realized something from the assets of each of the firms. Th. H. Vetterlein & Sons were proved to be creditors of Vetterlein & Co. to the amount of $40,000. Different debts were proved against each of the two firms.

The following questions were raised by the assignee and submitted to the court: 1. Shall Th. H. Vetterlein & Sons and Vetterlein & Co. be treated as separate and distinct firms in the distribution of the assets? 2. What disposition shall be made of the proceeds of the estate of Theodore H. Vetterlein? 3. How shall the assignee treat the indebtedness of Vetterlein & Co. to Th. H. Vetterlein & Sons, as regards the distribution of the assets?

[For a prior proceeding, see Case No. 16,926.]

BLATCHFORD, District Judge. 1. Th. H. Vetterlein & Sons and Vetterlein & Co. ought not to be treated as separate and distinct firms in the distribution of assets belonging to Theodore H. Vetterlein and Bernhard T. Vetterlein, as copartners.

2. If there are no debts proved against Theo-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]